**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| RAHUL SHAH, derivatively on behalf of KATALYST SOFTWARE SERVICES LIMITED, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| PRAVIN AROTE, MILIND KARANDIKAR, YOGESH AGARWAL, ASIT MEHTA, | ) ) |
| Defendants. | |

**COMPLAINT**

Plaintiff, RAHUL SHAH, derivitavely on behalf of Katalyst Software Services Limited ("KSSL"), files this complaint against each of the Defendants for their violation of their various duties owed to KSSL.

**THE PARTIES**

1. Rahul Shah is an individual, a Shareholder and Director of KSSL, and resides in Evanston, Illinois.

2. Pravin Arote is an individual, a Director of KSSL, and resides in Pune, India.

3. Milind Karandikar is an individual, a Director of KSSL, and resides in Pune, India.

4. Yogesh Agarawal is an individual, a Director of KSSL, and resides in Pune, India.

5. Asit Mehta is an individual, a Director of KSSL, and resides in Mumbai, India.

**JURISDICTION AND VENUE**

6. This court has jurisdiction of the matter. The amount in controversy, exclusive of costs and interest, exceeds the jurisdictional minimum of the Court. This case involves KSSL, an India company, which is essentially a holding company for its largest subsidiary, Katalyst Technologies, Inc., ("KTI") an Illinois corporation that has its principal place of business in Evanston, Illinois. The Defendants, in their capacity as Directors of KSSL, took certain actions that directly impacted Katalyst Technologies, Inc. More specifically, the Defendants' reckless and intentional actions, including, but not limited to, breach of their duty of care and abuse of power, damaged the business reputation of KTI, created significant liability for KTI, and has impacted KTI's revenue.

**FACTUAL BACKGROUND**

7. KSSL is a company formed under the laws of India and essentially serves as a holding company for certain subsidiaries.

8. KSSL is the parent company of Katalyst Technologies, Inc., a company formed under the laws of Illinois with its principal place of business in Evanston, Illinois. KTI is the largest source of revenue for KSSL.

9. Rahul Shah is the founder of KTI and one of the original shareholders of KSSL.

10. Sudhir Walia, an individual in India, along with certain of his family members and business interests, is the majority shareholder of KSSL and is engaged in an ongoing dispute with Rahul Shah for control on the structure and direction of the company.

11. The Defendants are all current Directors of KSSL and were named to the Board on, or about, May 31, 2021, as a direct result of the machinations of Sudhir Walia.

12. Walia, in his capacity as majority shareholder, had previously removed four directors from the Board with no basis. These previous directors were independent and not aligned with Walia. The Defendant Directors were named by Walia to replace these prior removed Directors.

13. KTI is an IT company that provides software support and a variety of IT services to its clients.

14. On, or about, June 18, 2021, the Defendant Directors, at the direction of Sudhir Walia, ordered a KSSL employee to provide certain information about KTI and its clients. The information sought included the name of certain of KTI's clients and the nature of the work that is performed for said clients. The Defendant Directors did not have the authority to request this information and abused their powers as Directors in demanding the employee to provide same.

15. The Defendant Directors, without consideration of the negative impact of their actions on the company, KTI, and its employees, made this request, at Sudhir Walia's direction, as part of an ongoing effort to wrest control of the company from Rahul Shah. In fact, there was no due diligence conducted, no effort whatsoever to determine the appropriateness of the request for client information, and instead a steadfast focus on positioning themselves against Rahul Shah.

16. A KSSL employee prepared and forwarded a report to the Defendant directors that included the names of KTI clients (and their logos) and the specific type of work being performed for each client.

17. As an established IT company that provides high quality specialty services, KTI has adopted various policies to help ensure the protection of its clients' confidentiality, privacy, and proprietary interests. This includes entering into Confidentiality Agreements that require any recipients (even internally) of client information to sign an acknowledgement of the Confidentiality Agreement or to otherwise be advised of the provisions of the Confidentiality Agreement. Similarly, KTI does not forward client information to non-Katalyst email addresses for security purposes, does not publicize logos, and, for certain clients, does not internally or externally state the type of work it does for its clients. These policies are all designed to protect the proprietary interests of its clients and to help prevent the chance of a cyber attack.

18. KTI's clients include multinational companies and government entities that are susceptible to and in fact have been victimized by cyber attacks, business theft, and other violations of their proprietary interests. These interests are vital to the operations of the public entitles and to the financial health of the business clients.

19. This report was forwarded to said Directors without first requiring them to sign an acknowledgement of the respective Confidentiality Agreement for each client or otherwise ensuring that said Directors were fully advised of the provisions of the Confidentiality Agreements. Furthermore, the report was sent to certain of the Defendant Directors at their Non-Katalyst email addresses. Additionally, the report was also sent to an individual who had retired from KSSL's Board on June 12, 2021 and accordingly had no role in KSSL or KTI.

20. Businesses and government entities take countless steps to ensure the confidentiality of their private and proprietary information. They must do so as the risk of a cyber attack or business theft increases dramatically every time their private and proprietary information is shared with another layer/degree of individuals. The potential for a security breach increased dramatically when the above-referenced report was sent to the Defendant Directors as it is another category of individuals that possess certain information and just adds to the number of potential targets of theft.

21. KTI, as an IT company that provides services the require access to confidential and proprietary information, simply cannot survive as a company without the trust of its clients. The Directors, by violating the Confidentiality Agreements, and placing KTI clients' proprietary information at risk, have severely damaged KTI's business relationship with its clients that will impact the company's revenue, negatively impacted KTI's business reputation, and created significant potential liability. The Defendant Directors took this action, an action that was an abuse of their power, at the direction of Sudhir Walia, as part of their ongoing corporate gamesmanship and not in the best interests of the company.

22. By doing so, the Defendant Directors violated their Duty of Care to KSSL and its subsidiary Katalyst Technologies, Inc. The Directors acted beyond the scope of their powers in demanding confidential information and failed to exercise basic diligence in violating KTI's Confidentiality Agreements and the proprietary interests of KTI's clients.

## COUNT I

## BREACH OF DUTY OF CARE

23. Rahul Shah repeats and incorporates by reference each and every allegation of paragraphs 1-22 as if fully set forth herein.

24. The Directors of a Company have a Duty of Care when making decisions for the Company including, but not limited to, a duty to conduct due diligence and to act within your scope of powers.

25. The Defendant Directors, at the direction of Sudhir Walia, acting beyond the scope of their powers, demanded the names of KTI's clients and a list of the services provided to each client.

26. The Defendant Directors sought this information without conducting any due diligence to determine whether they were violating any Confidentiality Agreements or company policy by demanding the confidential and proprietary information. As a Director of a company that specializes in IT services and therefore by its very nature must take extra care in the protection of its clients' information, it was a clear and reckless lack of due diligence in demanding the production of the proprietary information.

27. The Defendant Directors acted in total disregard to the impact on the financial interests of their company as their motivation in seeking the information, at the request of Sudhir Walia, was to gain knowledge that they could use in Walia's and the Defendant Directors' ongoing effort to take control of the company away from Rahul Shah.

28. The requested proprietary and confidential information was provided in a report that included the names of KTI clients, the clients' logos, and a specific description of the work performed for said clients. The report, again at the Defendant Directors' request, was sent via electronic mail to the Defendants at non-Katalyst email addresses.

29. KTI's Confidentiality Agreements with its clients and internal company policy require that any Director, Officer, employee, etc., of the company must first sign an

5

Acknowledgement of the relevant Confidentiality Agreement or otherwise be fully advised of the terms of the Confidentiality Agreement prior to receiving any confidential or proprietary information of a client. The purpose of the Confidentiality Agreements and internal policy is to help protect a client's proprietary interests and minimize the risks of a cyber attack.

30. Absent a signing of an acknowledgement of the relevant Confidentiality Agreement and/or being fully advised of its provisions, KTI cannot and does not disclose, even to its Officers, Directors, and employees, the names of its clients, their logos, or the services performed for the client. Similarly, KTI, for security and privacy purposes, does not send any client confidential or proprietary information, absent a client's consent, to an individual that does not possess a KTI email address.

31. The disclosure of the confidential and proprietary information to the Defendant Directors was therefore in direct violation of KTI's Confidentiality Agreements with its clients, internal company policy, and has therefore damaged KTI's relationships with its clients that will lead to reduced revenues, created significant liability for KTI, and placed the clients at greater risk of business theft or cyber attack.

32. The fundamental trust that KTI has built in the business community and specifically with its clients has been damaged as a direct result of the Defendant Directors' breach of their Duty of Care. More specifically, the Defendant Directors acted in abuse of their powers and failed to exercise reasonable due diligence to determine whether their information request would in any way violate KTI's Confidentiality Agreements and related obligations to its clients. As Directors of an IT company that provide services that require trust and confidentiality, the Directors should have known that their information request was potentially violative of KTI's Confidential Agreements. Instead, the Defendant Directors were solely focused on the improper goal of seeking information that they could use as part of their (and Sudhir Walia's) efforts to gain control of the company.

33. This has further damaged Katalyst in that it is now potentially at risk of significant liability for the breach of the Confidential Agreements and the resulting impact to its reputation and existing relationships will result in significant damage to its ability to conduct business and generate revenue. This lack of revenue will lead to reduced value in the company

for the shareholders, a need to reduce the workforce, and an overall negative impact on the company's financial status.

**Prayer for Relief**

WHEREFORE, Rahul Shah, derivatively, and on behalf of KATALYST SOFTWARE SERVICES LTD., respectfully prays for judgment in its favor and against Defendants, and for the following relief:

(a) Declaring that the Defendant Directors breached their duty of care and abused their power by requesting, without authority and failing to first conduct due diligence prior to making the request, confidential and proprietary information;

(b) Awarding damages in an amount to be determined at trial to compensate KSSL, its shareholders, and Katalyst Technologies, Inc. for the damages causes as a result of Defendants' actions.

(c) Awarding attorney's fees and costs;

(d) And for any other relief the court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable.

                        Respectfully submitted,

                        By:  _____
                              /s/ RISHI AGRAWAL

Rishi Agrawal
The Agrawal Firm, LLC
415 North LaSalle Street, Suite 300A
Chicago, IL 60654
312-527-5440 – phone

8